UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TILLMAN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>THE BOARD OF PAROLE HEARINGS,<br><br>　　　　　　Respondent. | No. 2:14-cv-0615 GGH P<br><br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

　　　　Petitioner challenges various decisions by the California Board of Parole Hearings (BPH) finding him unsuitable for parole in regard to his underlying 1985 conviction.

　　　　On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, *inter alia*, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases"

1

(while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862. The Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1  F.3d 1042, 1046 (9th Cir. 2011). Thus, there is no federal due process requirement for a "some
2  evidence" review and federal courts are precluded from review of the state court's application of
3  its "some evidence" standard.

4  Petitioner alleges that the BPH has not provided him with a fair hearing and denied him
5  parole in "204-208 and 2010." (ECF No. 1 at 6.)  Elsewhere, petitioner states, "[i]n 2002 and
6  20[0]4 and 20[0]6 and 20[0]8 and 2010 my time was over in state prison.  I am 12 years over my
7  parole." (Id.)  According to petitioner, his release on parole is overdue, and the additional time he
8  has spent in prison constitutes cruel and unusual punishment in violation of the Eighth
9  Amendment.  Petitioner requests relief in the form of monetary damages in the amount of
10 $200,000 in damages for every year he has not been released on parole.

11 The notice pleading standard applicable in ordinary civil proceedings does not apply in
12 habeas corpus cases; rather, Rules 2(c), 4, and 5(b) of the Rules Governing Habeas Corpus Cases
13 in the United States District Courts require a more detailed statement of all grounds for relief and
14 the facts supporting each ground; the petition is expected to state facts that point to a real
15 possibility of constitutional error and show the relationship of the facts to the claim.  Mayle v.
16 Felix, 545 U.S. 644, 655 (2005).  This is because the purpose of the rules is to assist the district
17 court in determining whether the respondent should be ordered to show cause why the writ should
18 not be granted and to permit the filing of an answer that satisfies the requirement that it address
19 the allegations in the petition.  Id.  Conclusional allegations that are not supported by a statement
20 of specific facts do not warrant habeas relief.  Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.
21 1995).

22 Here, the petitioner is confusing in stating that he is twelve years past his parole, referring
23 to years 2002, 2004, 2006, 2008, and 2010, but elsewhere stating that he did not get a fair hearing
24 in "20[0]4-20[0]8 and 2010." Petitioner may not attack multiple proceedings in one habeas
25 petition.  Petitioner must choose the hearing he is disputing mindful of the one year AEDPA
26 statute of limitations.

27 On amendment, petitioner shall clarify specifically which parole hearing he is contesting
28 herein.  The current petition is also conclusory in failing to state why his parole hearings were not

1  fair. Petitioner is only entitled to an opportunity to be heard and to be provided a statement of the
2  reasons for the parole denial. Swarthout, at 862.

3  Petitioner also seeks money damages which are not available in a habeas corpus petition.
4  See Preiser v. Rodriguez, 411 U.S. 475, 493, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973).

5  In regard to petitioner's claim that the "time he has spent in state prison constitutes cruel
6  and unusual punishment in violation of the Eighth Amendment," any such claims fails as
7  petitioner's sentence was 19 years to life, with the possibility of parole. As a general matter, "so
8  long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on
9  eighth amendment grounds." United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990).
10 Here, petitioner has not established that his sentence exceeds the statutory maximum. Petitioner's
11 sentence of 19 years with the possibility of parole carries no guaranteed parole date, and carries
12 with it the potential that he could serve the entire term. See Pearson v. Muntz, 639 F.3d 1185,
13 1187 (9th Cir. 2011) (explaining that prisoners serving indeterminate life prison sentences [i.e.,
14 those whose life sentences do not include 'without the possibility of parole'] may serve up to life
15 in prison, but may be considered for parole after serving minimum terms of confinement).

16 To the extent that petitioner is raising a proportionality challenge to his sentence, he fares
17 no better. First, parole eligibility proceedings do not determine the sentence. The 19 years to life
18 sentence was imposed by the state *court* many years ago. The denial of parole eligibility by the
19 BPH does not implicate the sentence given. Moreover, even if petitioner's sentence could be
20 reviewed in the context of a parole eligibility decision, with the exception of capital cases,
21 successful Eighth Amendment challenges to the proportionality of a sentence have been
22 "exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272, 100 S. Ct. 1133 (1980); Ramirez v.
23 Castro, 365 F.3d 755, 756-57 (9th Cir. 2004). The Eighth Amendment forbids only extreme
24 sentences that are grossly disproportionate to the crime. Harmelin v. Michigan, 501 U.S. 957,
25 1001, 111 S. Ct. 2680 (1991) (Kennedy, J., concurring). In Hamelin, the Supreme Court upheld a
26 sentence of life imprisonment with no possibility of parole for a first offense crime of possession
27 of 672 grams of cocaine as not being disproportionate. Id. at 1009. Petitioner's robbery and
28 kidnapping convictions with use of a firearm, as well as other crimes, are much more serious.

1  Petitioner is advised that if he continues to make an Eighth Amendment claim in his amended
2  petition, it will be dismissed.
3       Finally, "A petitioner for habeas corpus relief must name the state officer having custody
4  of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d
5  359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). The court is required to
6  consider *sua sponte* whether the named respondent has the power to provide the relief sought in a
7  habeas corpus action. See Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004). Petitioner has
8  named the Board of Parole Hearings as the respondent in this action. The BPH is not the proper
9  respondent. Instead, petitioner must name as respondent the warden of the prison where he is
10 incarcerated.
11      Therefore, the amended petition will be dismissed with leave to amend.
12      Accordingly, IT IS HEREBY ORDERED that:
13      1. Petitioner's motion to proceed in forma pauperis is granted;
14      2. Petitioner's application for writ of habeas corpus is dismissed with leave to file an
15 amended petition within thirty days from the date of this order;
16      3. The amended petition must be filed on the form employed by this court, must bear the
17 case number assigned to this action and must bear the title "Amended Petition;"
18      4. In the amended petition, petitioner shall (a) name Rick Hill, Warden, Folsom State
19 Prison, as respondent; (b) clearly identify the dates of the parole decisions he challenges and why
20 each decision was unfair; and (c) append copies of all parole decisions he challenges to the extent
21 available; and
22      5. The Clerk of the Court is directed to send petitioner the court's form for application for
23 writ of habeas corpus.
24 Dated: April 4, 2014
25                             /s/ Gregory G. Hollows
26                        UNITED STATES MAGISTRATE JUDGE
27 GGH:076/Till0615.parole.scrnII
28