UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY TILLMAN,

    Petitioner,

    v.

THE BOARD OF PAROLE HEARINGS,

    Respondent.

No. 2:14-cv-0615 GGH P

ORDER

    Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner challenges various decisions by the California Board of Parole Hearings (BPH) finding him unsuitable for parole in regard to his underlying 1985 conviction, as well as other claims. By order of April 4, 2014, petitioner was informed of the deficiencies in his petition, and directed to file an amended petition. The amended petition, filed April 11, 2014, does nothing more than repeat excerpts from that order verbatim, as well as add a new claim that was not raised in the original petition, that the Board of Parole Hearings refused to allow an "A.D.H. attorney" and forced him to have a state appointed attorney.

    In regard to this newly raised claim, petitioner states that the attorney misled him into believing he was an A.D.A. or A.D.H. attorney and familiar with petitioner's condition, but later revealed that he was not. The same attorney then allegedly told petitioner that he was an A.D.H. attorney on the day of the hearing. (ECF No. 6 at 5.)

1

With respect to this claim, petitioner has failed to indicate what, if any, prejudice he suffered by the presence of an attorney who was not an "A.D.H." attorney. To the extent that this attorney was in fact an "A.D.H." attorney, then petitioner concedes that there was no prejudice. Petitioner has failed to provide any facts suggesting prejudice, such as the context of the representation, any particular decision at issue, (see discussion infra), or how the outcome was different than it otherwise would have been. For the sole reason that petitioner raises this claim for the first time in his amended petition, he will be permitted to file a second amended petition.

In regard to his claims raised in the original petition concerning his challenges to various BPH decisions finding him unsuitable for parole, the amended petition makes no effort to cure the deficiencies in the original petition, but merely repeats some of the directives provided in the first screening order. The court would normally recommend dismissal of the petition on this basis alone; however, because petitioner has raised a new claim, he will be permitted one last opportunity to amend. The authority set forth in the original screening order is repeated here for convenience.

On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, *inter alia*, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862. The Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard.

Because the amended petition contains no grounds in regard to the alleged denial of fair parole board hearings, the allegations in the original petition are restated here. Petitioner alleges that the BPH has not provided him with a fair hearing and denied him parole in "204-208 and

---

Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1  2010." (ECF No. 1 at 6.) Elsewhere, petitioner states, "[i]n 2002 and 20[0]4 and 20[0]6 and 20[0]8 and 2010 my time was over in state prison. I am 12 years over my parole." (Id.) According to petitioner, his release on parole is overdue, and the additional time he has spent in prison constitutes cruel and unusual punishment in violation of the Eighth Amendment.

The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases; rather, Rules 2(c), 4, and 5(b) of the Rules Governing Habeas Corpus Cases in the United States District Courts require a more detailed statement of all grounds for relief and the facts supporting each ground; the petition is expected to state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Mayle v. Felix, 545 U.S. 644, 655 (2005). This is because the purpose of the rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition. Id. Conclusionary allegations that are not supported by a statement of specific facts do not warrant habeas relief. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995).

Here, the petitioner is confusing in stating that he is twelve years past his parole, referring to years 2002, 2004, 2006, 2008, and 2010, but elsewhere stating that he did not get a fair hearing in "20[0]4-20[0]8 and 2010." Petitioner may not attack multiple proceedings in one habeas petition. Petitioner must choose the hearing he is disputing mindful of the one year AEDPA statute of limitations.

On amendment, petitioner shall clarify specifically which parole hearing he is contesting herein. The original petition was also conclusory in failing to state why his parole hearings were not fair. Petitioner is only entitled to an opportunity to be heard and to be provided a statement of the reasons for the parole denial. Swarthout, at 862.

Finally, petitioner has failed to follow this court's advice regarding the proper respondent, but continues to name the Board of Parole Hearings. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. §

2254). The court is required to consider *sua sponte* whether the named respondent has the power to provide the relief sought in a habeas corpus action. See Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004). The BPH is not the proper respondent. Instead, petitioner must name as respondent the warden of the prison where he is incarcerated.

Therefore, the amended petition will be dismissed with leave to file a second amended petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended application for writ of habeas corpus is dismissed with leave to file a second amended petition within thirty days from the date of this order;

2. The second amended petition must be filed on the form employed by this court, must bear the case number assigned to this action and must bear the title "Second Amended Petition;"

3. In the second amended petition, petitioner shall (a) name Rick Hill, Warden, Folsom State Prison, as respondent; (b) clearly identify the dates of the parole decisions he challenges and why each decision was unfair; and (c) append copies of all parole decisions he challenges to the extent available;

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus; and

5. Failure to comply with this court's order will result in a recommendation that this action be dismissed.

Dated: May 27, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Till0615.parole.scrnII.2am

5