UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TILLMAN, | No. 2:14-cv-0615 GGH P |
| Petitioner, | |
| v. | ORDER[1] |
| THE BOARD OF PAROLE HEARINGS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner challenges various decisions by the California Board of Parole Hearings (BPH) finding him unsuitable for parole in regard to his underlying 1985 conviction, as well as other claims. Before the court is petitioner's second amended petition, filed June 2, 2014. By orders of April 4 and May 27, 2014, petitioner was informed of the deficiencies in his petition, and directed to file an amended petitions. The second amended petition, filed June 2, 2014, does nothing more than repeat excerpts from the latest order verbatim as grounds for relief, and is therefore frivolous.

/////

---

[1] Petitioner consented to the undersigned as presiding judge pursuant to 28 U.S.C. § 636 (c). Respondent has not, and will not be served herein. Therefore, this case will be finally decided by the undersigned.

1

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court ...." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602–03 (9th Cir.1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). "Summary dismissal is appropriate only where the allegations are vague [or] conclusory or palpably incredible, ... or patently frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (internal quotations and citations omitted).

The four grounds for relief set forth in the second amended petition merely repeat instructions taken directly from the court's previous order. For example, as Ground One, the petition states: "The petitioner is confusing in stating that he is twelve years past his parole hearing in 2002, 2004, 2006, 2008, and 2010, but elsewhere stating that he did not get a fair hearing." (ECF No. 8 at 4) (quoting Order, filed May 27, 2014, at 4:16-18). As Ground Two, the petition states: "Petitioner states that the attorney misled him into believing he was an A.D.H. attorney and familiar with petitioner's condition, but later rev[e]aled he was not." (Id. at 4) (quoting Order at p. 1:25-27). Petitioner also repeats quotations from the order as his enumerated Grounds Three and Four.

After being given three opportunities to file a petition, and despite receiving specific and detailed instructions in two orders, it is clear that petitioner has been unable to cure the defects in his allegations, and providing him with further opportunities would not be productive. This appears to be one of those relatively rare cases when to grant petitioner further leave to amend would be patently futile. Therefore, the petition is dismissed for the reasons stated here and for the reasons explained in the court's two previous orders.

/////

1  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth herein, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is dismissed; and

2. A certificate of appealability should not issue in this action.

Dated: August 6, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Till0615.parole.scrnII.dis